IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | CASE NO. 2:17-cr-146 |
| Vs. | : | CHIEF JUDGE MARBLEY |
| | : | |
| DARRELL L. BRYANT | : | |
| GIFTY KUSI | | |
| JORNEL RIVERA | : | |
| Defendants | | |

## PROTECTIVE ORDER FOR RECORDS PRODUCED DURING DISCOVERY

To expedite the flow of discovery materials between the parties and adequately protect individually identifiable health, financial and other information entitled to be kept confidential, and ensure that protection is afforded to such materials, pursuant to the Court's authority under Rule 16(d)(1) of the Federal Rules of Criminal Procedure, it is hereby ORDERED:

**Production of Confidential or Protected Information.** Disclosure by the United States of documents relating to medical records, patient information, claims records, confidential financial information, personal identification information, or other personal information may be subject to the Health Insurance Portability and Accountability Act of 1996 (HIPPA), or other privacy provisions. The United States shall produce such documents unredacted to defense counsel. Defense counsel may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty agrees not to disclose or disseminate such information. The defendants shall not file these documents with or submit them to the Court or reproduce their contents in any court filing

unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

**Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the individuals name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all personal identifying information associated with the names of individuals have been removed. No party shall disclose confidential or protected documents in open Court without prior consideration by the Court.

**Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any materials.

ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT JUDGE