IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | Case No.: 2:17-cr-00146 |
| v. | : | Honorable Judge Marbley |
| DARRELL L. BRYANT, and | : | |
| GIFTY KUSI | : | |
| Defendants. | : | |

**DEFENDANTS' JOINT REPLY BRIEF ON MOTION TO SUPPRESS EVIDENCE**

NOW COME Defendants Darrell L. Bryant and Gifty Kusi, by and through undersigned counsel, and respectfully submit this joint reply brief on Defendants' Joint Motion to Suppress Evidence (DE# 59).

## INTRODUCTION

In the Government's response brief, it references an order signed July 27, 2015 that was not disclosed to the Defendants. The Government supplied Defendants a copy of this order for the first time on October 31, 2018- the day the Government's response was filed. This recently produced order changes (but does not defeat) the Defendants' arguments.

Any arguments previously raised in Defendants' Motion to Suppress premised on the absence of any order (state or federal) authorizing the disclosure of substance abuse treatment records are hereby withdrawn. Specifically, the argument contained in Defendants' Joint Motion to Suppress Evidence, DE # 59, section II.A., is hereby withdrawn.

For ease of reference, the table below reflects a revised timeline of relevant events.

| Exhibit | Date | Event |
| --- | --- | --- |
| Gov. Ex. 5 | 07/27/2015 | Franklin County, Ohio Court of Common Pleas Entry in Case No. 14 CM 55 |
| D-4 | 07/28/15 | Fed. Warrant Issued: Perimeter Ste 100 and 200 (2:15 mj 484) |
| D-5 | 07/28/15 | Fed. Warrant Issued: Blazer Suite 202 (2:15 mj 485) |
| D-6 | 07/28/15 | Fed. Warrant Issued: Cargo Van 202 (2:15 mj 486) |
| D-7 | 02/01/16 | Fed. Warrant Issued: Google (2:16 mj 52) |
| D-8 | 02/01/16 | Fed. Warrant Issued: CareCloud (2:16 mj 53) |
| D-9 | 08/18/16 | Franklin County, Ohio Court of Common Pleas Entry in Case No. 16 CM 41 |
| -- | 08/18/16 | Ohio AG begins undercover investigation at HWMC |
| -- | 08/23/16 | Ohio AG begins use of Confidential Source using covert video and audio recording devices while on HWMC premises |
| D-10 | 09/20/16 | (2nd) Federal Warrant Issued: Perimeter Ste 100 and 200 (2:16 mj 442) |
| D-11 | 9/20/16 | (2nd) Federal Warrant Issued: CareCloud (2:16 mj 443) |
| D-12 | 09/21/16 | (1st) Federal Warrant Issued: Perimeter Ste 210 (2:16 mj 444) |

## ARGUMENT

Boiled down to their essence, the suppression issues remaining are threefold: (1) Do orders issued by the Franklin County, Ohio Court of Common Pleas authorizing the Ohio Attorney General to obtain disclosures of substance abuse treatment records as part of a state grand jury subpoena, translate to allow the Federal Government (DEA and FBI) to seize substance abuse treatment records through a federal search warrant? (2) Even if the answer is yes, do those Franklin County orders, on their face, sufficiently comply with federal law? (3) If the answer to either of the first two questions in no, is suppression the proper remedy?

Without reiterating previously-raised arguments, Defendants state as follows:

**A.** **The search warrants and the disclosure orders relate to separate sovereigns.**

The disclosure orders issued by the Franklin County Court of Common Pleas authorized only the following:

WHO: The Office of the Ohio Attorney General (See, e.g. Gov. Ex. 5, Entry p. 1; Government's Response, DE #61, p. 9.)

WHAT: To "obtain disclosure" of "select patient medical files, billing records, or other pertinent business records" (See, e.g. Gov. Ex. 5, Entry p.1; p. 2, par. 5.)

WHERE: "[F]rom the target provider, practice, or a dispensing pharmacy" (See, e.g. Gov. Ex. 5, Entry p. 2, par 5.)

HOW: "[V]ia subpoena" (See, e.g. Gov. Ex. 5, Entry p. 2, par. 5.)

In addition, the orders allow the Ohio Attorney General to *re-disclose* materials to other law enforcement agencies assisting the Ohio Attorney General's Office. (See, e.g. Gov. Ex. 5, Entry pp. 2-3.) The orders do not allow the FBI or DEA to stand in the shoes of the Ohio Attorney General and use the orders to seize evidence in combination with a federal search warrant. The United States nonetheless argues, "… there is no specific provision that each agency must separately seek its own court order." Government's Response, DE #61, p. 10. In other words, the United States considers all state and federal agencies to be one homogenous authority. In reply, Defendants state that it is one thing to share evidence as part of a joint investigation with other state and federal agencies, after the evidence is properly and legally obtained in the first place. That is not what happened in this case. Here, the United States wishes to excuse its oversight and non-compliance with federal law by resting on some journal entries pertaining to a state grand jury investigation. The federal government obtained the warrants, the federal government seized the evidence, and the federal government is prosecuting this case. On the other hand, the State of Ohio sought and obtained disclosure orders to be used in connection with subpoenas in its own investigations. Even if the same targets were relevant to the state and federal investigations, the authorities of the separate sovereigns are not interchangeable.

B. **Sufficiency of the orders: confidential communications.**

Federal law distinguishes "confidential communications" which are distinguished under the privacy laws from nonconfidential communications. Confidential communications are "communications made by a patient to a program in the course of diagnosis, treatment, or referral for treatment…" 42 C.F.R. § 2.63(a). Nonconfidential communications are the "ordinary, run-of-the-mill objective data" concerning a patient's treatment in a program. *See*, *Granger v. McBride*, No. 2:04 CV 8, 2006 U.S. Dist. LEXIS 34689, at *13-14 (N.D. Ind. May 24, 2006) (citations omitted). The United States claims that generic state journal entry language will suffice because "… there is no way to know without obtaining the records." Government's Response, p. 11. Though a task may be difficult, it cannot excuse the United States' compliance with its own laws. Though characterized as "vague and overly broad," Defendants maintain that "medical history, symptoms, and counseling records" all contain confidential communications. All of these types of records contain communications made by a patient to a program. Defendants do not presume to know which particular pages, out of hundreds of thousands, or specifically which out of unknown quantities of electronic data the United States plans to use in its case-in-chief. However, certain categories should be excluded: medical history, patient statements within records, documentation of symptoms, and counseling records, as examples.

C. **Conclusion.**

Defendants Darrell L. Bryant and Gifty Kusi respectfully request the suppression of all evidence, including derivative evidence, obtained via the below-listed search warrants and covert operations:

| Exhibit | Date | Event |
|---|---|---|
| D-4 | 07/28/15 | Fed. Warrant Issued: Perimeter Suites 100 and 200 (2:15 mj 484) |

| D-5 | 07/28/15 | Fed. Warrant Issued: Blazer Suite 202 (2:15 mj 485) (only those prescription records of substance abuse treatment patients) |
|---|---|---|
| D-8 | 02/01/16 | Fed. Warrant Issued: CareCloud (2:16 mj 53) (only those records of substance abuse treatment patients of HWMC) |
|  | 08/18/16 | Ohio AG Agent's undercover investigation at HWMC commencing on or about this date. |
|  | 08/23/16 | Ohio AG's use of Confidential Source and covert video and audio recording devices while on HWMC premises commencing on or about this date. |
| D-10 | 09/20/16 | (Second) Fed. Warrant Issued: Perimeter Suites 100 and 200 (2:16 mj 442) |
| D-11 | 9/20/16 | (Second) Fed. Warrant Issued: CareCloud (2:16 mj 443) (only those records of substance abuse treatment patients) |
| D-12 | 09/21/16 | (First) Fed. Warrant Issued: Perimeter Suite 210 (2:16 mj 444) |

Dated:  November 21, 2018

Respectfully submitted,
CHAPMAN LAW GROUP

/s/ *Laura A. Perkovic*
Laura A. Perkovic (0072986)
*Attorney for Defendant Darrell L. Bryant*
470 Olde Worthington Rd. Ste 200
Westerville, OH 43082
Phone (614) 360-3848
Fax (248) 644-6324
LPerkovic@chapmanlawgroup.com

*/s/ J. Anthony Rich*
Anthony Rich (0066295)
*Attorney for Defendant Gifty Kusi*
300 Broadway, Suite 101-B
Lorain, OH 44052
440.245.2274
440.244.0811 fax
anthony@janthonyrich.com

**PROOF OF SERVICE**

I hereby certify that on November 21, 2018, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

/s/ *Laura A. Perkovic*
Laura A. Perkovic (0072986)
*Attorney for Defendant Darrell L. Bryant*