**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 2:17-CR-146 |
| **Plaintiff,** | : | |
| v. | : | JUDGE MARBLEY |
| | : | |
| **DARRELL BRYANT and GIFTY KUSI,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, hereby submits the following proposed jury instructions, and requests leave to file any supplemental instructions as may be necessary and proper.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/ Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney
MARITSA FLAHERTY (0090308)
Special Assistant United States Attorney

1

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States requests that the Court provide the standard, applicable preliminary and closing instructions to the jury as set forth in the Sixth Circuit Pattern Jury Instructions, including the following Pattern Instructions:

| | |
|---|---|
| 1.01-1.09 | General Principles |
| 2.01 | Introduction |
| 2.01C | Separate Consideration – Multiple Defendants Charged with the Same Crimes. |
| 2.04 | On or About |
| 2.08 | Inferred States of Mind |
| 2.09 | Deliberate Ignorance |
| 7.01 | Introduction |
| 7.02A | Defendant's Election Not to Testify or Present Evidence, *if applicable* |
| 7.02B | Defendant's Testimony, *if applicable* |
| 7.03 | Opinion Testimony |
| 7.03A | Witness Testifying to Both Facts and Opinions, |
| 7.04 | Impeachment by Prior Inconsistent Statement Not Under Oath, *if applicable* |
| 7.07 | Testimony Under Grant of Immunity or Reduced Criminal Liability |
| 7.12 | Summaries and Other Materials Not Admitted in Evidence, *if applicable* |
| 7.12A | Secondary-Evidence Summaries Admitted in Evidence |
| 7.13 | Other Acts of Defendant, *if applicable* |
| 7.20 | Statement by Defendant |
| 7.21 | Stipulations |
| 8.01 | Introduction |
| 8.02 | Experiments, Research, Investigation and Outside Communications |
| 8.03 | Unanimous Verdict |
| 8.04 | Duty to Deliberate |
| 8.05 | Punishment |
| 8.06 | Verdict Form |
| 8.08 | Verdict Limited to Charges Against This Defendant |

In addition, the United States requests that the attached specific instructions be submitted to the jury.

### INSTRUCTION NO. \_\_\_\_

### Conspiracy to Commit Health Care Fraud

Count 1 of the indictment accuses the defendants of a conspiracy to commit the crime of health care fraud in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crime of health care fraud.

And second, that the defendants knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendants guilty of the conspiracy charge.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 3.01A.**

## INSTRUCTION NO. \_\_\_\_

### Agreement

With regard to the first element--a criminal agreement--the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of health care fraud.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of health care fraud. This is essential.

An agreement can be proved indirectly, by facts and circumstances, which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 3.02.**

**INSTRUCTION NO. \_\_\_\_**

**Defendants' Connection to the Conspiracy**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. To convict the defendants, the government must prove that they knew the conspiracy's main purpose, and that they voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendants knew everything about the conspiracy, or everyone else involved, or that they were a member of it from the very beginning. Nor does it require proof that the defendants played a major role in the conspiracy, or that their connection to it was substantial. A slight role or connection may be enough.

But proof that the defendants simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if they approved of what was happening or did not object to it. Similarly, just because the defendants may have done something that happened to help a conspiracy does not necessarily make them a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendants joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 3.03.**

**INSTRUCTION NO. \_\_\_\_**

**Unindicted, Unnamed or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 3.06.**

**INSTRUCTION NO. \_\_\_\_**

**<u>Health Care Fraud</u>**

Counts 2 through 5 of the indictment charges the two defendants with health care fraud. For you to find the defendants guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendants knowingly and willfully executed a scheme to defraud any health care benefit program or to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property owned by or in the control of a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

(B) Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact.

(C) Third, that the defendants had the intent to defraud.

(2) Now I will give you more detailed instructions on some of these terms.

(A) A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another between another country and the United States. The government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

(B) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(C) The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(D) An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(E) A misrepresentation concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(F) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

(3) The government need not prove that the defendants had actual knowledge of the statute or specific intent to commit a violation of the statute or that the health care benefit program suffered any financial loss, or that the defendants engaged in interstate commerce or that the acts of the defendants affected interstate commerce.

(4) If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendants not guilty of this charge.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 10.05.**

**INSTRUCTION NO. \_\_\_\_**

**Aiding and Abetting**

For you to find the defendants guilty of health care fraud and false statements relating to health care matters, as charged in Counts Two through Five, it is not necessary for you to find that they personally committed the crime. You may also find them guilty if they intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendants guilty of health care fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of health care fraud was committed.

Second, that the defendants helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendants intended to help commit or encourage the crime.

Proof that the defendants may have known about the crime, even if they were there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that they were an aider and abettor, but without more it is not enough.

What the government must prove is that the defendants did something to help or encourage the crimes with the intent that the crimes be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of these elements, then you cannot find the defendants guilty of these crimes as an aider and abettor.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 4.01.**