IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 17-CR-146 |
| | : | JUDGE ALGENON L. MARBLEY |
| DARRELL L. BRYANT, | : | |
| GITFY KUSI, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Darrell Bryant's *Motion in Limine*. (ECF No. 67). The case involves an alleged health care fraud: Defendants Darrell Bryant and Gifty Kusi were allegedly fraudulently prescribing medication to patients who did not request it and billing Medicaid for the prescriptions. (*See, e.g.* ECF No. 4 at 13, ¶58). The Defendants allegedly also improperly billed Medicaid for patient services. For example, the indictment alleges that patients were given coloring books to pass the time during which they ostensibly had an appointment scheduled, or were given group therapy – and this time was nevertheless billed to Medicaid as individual psychotherapy sessions. (*See, e.g.* ECF No. 4 at 17, ¶82; *Id.* at 16, ¶¶75-77).

Defendant Bryant moved to exclude from trial evidence of sexual misconduct with a patient, arguing it is irrelevant and unfairly prejudicial under Rule 404(b) of the Federal Rules of Evidence. For the reasons below, this Court **GRANTS** the Defendant's Motion and excludes from trial testimony about the alleged sexual misconduct.

1

## II. FACTS

In ¶¶84-85 of the Indictment, the Government makes specific allegations that Defendant Bryant "abuse[d] his position of trust with some female patients, for his own sexual gratification." (ECF No. 4). The Government details one specific incident, with a woman they call Patient A. According to the Indictment, Patient A had gone to the clinic to receive her prescription for Suboxone. While she was waiting for the prescription, Defendant Bryant called her to a back room in the clinic. The Indictment says Patient A believed Defendant Bryant was a licensed physician and called him "Dr. Bryant." Defendant Bryant locked the door and committed an act which – if it happened as the government alleges – would constitute an act of sexual battery. (ECF No. 4 at ¶85). After this, Patient A was given her prescription – a prescription that the Government alleges was not legally prescribed because it was signed by a doctor several days earlier. (ECF No. 73 at 4). Defendant Bryant, as a pharmacist, had no authority to sign prescriptions.

The Government alleges that this incident is part of the fraud because it helps demonstrate how the fraud was carried out. Patient A's testimony would tend to show that Defendant Bryant led patients to believe he was a licensed physician, directing them to call him "Dr. Bryant." Patient A's testimony would also tend to show the power Defendant Bryant had over these patients. Patient A was trying to overcome a narcotics addition; as a result, it was vitally important that she receive her Suboxone prescription. It was an abuse of his position for Defendant Bryant to indicate to Patient A that she needed to give him something in return for the prescription, per the Government.

The defense counters that this evidence is inadmissible under FRE 404(b). They argue that the government has "intertwined inadmissible…evidence into the conspiracy charge as a

mechanism to circumvent" Rule 404b. (ECF No. 67 at 2). Because this alleged sexual misconduct does not share a common core of facts with the alleged fraud, it constitutes "other acts." And the defense argues that because it could be unfairly prejudicial to the defendant when the jury hears it, this evidence must be excluded.

### III. Analysis

Federal Rule of Evidence 404(b), "Crimes, Wrongs, or Other Acts" states that such evidence is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." 404(b)(1). However, the next paragraph notes that this evidence is admissible so long as its purpose is not to prove character. For example, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." 404(b)(2). Here, the Government essentially argues that the allegations in ¶85 go to "intent, knowledge, and plan" in (b)(2), while the defense argues that this testimony is inadmissible under (b)(1). (ECF No. 73 at 2).

A 404(b) evidence analysis proceeds in three steps:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). *See also United States v. Abboud*, 438 F.3d 554, 581 (6th Cir. 2006); *United States v. Jenkins*, 345 F.3d 928, 927 (6th Cir. 2003). If the court decides the evidence is admissible under Rule 404(b), then it "must carefully identify in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors

against using the evidence to draw the inferences expressly forbidden [by] Rule 404(b)." *United States v. Johnson,* 27 F.3d 1186, 1194 (6th Cir. 1994).

This Court's analysis will follow the three steps outlined by *Lattner*.

### 1. Sufficient Evidence

The Court must first determine whether there is "sufficient evidence" that the act in question occurred. The government need not show that the other act occurred by a preponderance of the evidence. *Huddleston v. United States,* 485 U.S. 681, 689 (1998). But the government may not introduce this evidence without substantiation. Rather, the evidence is relevant for the purposes of 404(b) "only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Bell,* 516 F.3d 432, 441 (6th Cir. 2008) (citing *Huddleston*).

The Government says a DNA test of the semen on Patient A's bra and shirt has matched to Defendant Bryant. There are also records of Patient A's receiving treatment at Defendant Bryant's facility, and Patient A will testify that she knew him as "Dr. Bryant." The defense counters that the Dublin Police, to whom the incident was reported, declined to prosecute, citing insufficient "evidence of force or coercion on the part of Darrell Bryant" as well as "inconsistencies in [Patient A's] statements." (ECF 67 at 5).

However, the standards for a police department to decide to prosecute and the standard to allow a reasonable jury to reach a decision are not the same. If the government has the DNA evidence it details in its memorandum, then there has been sufficient evidence to meet this prong of the test: a jury could reasonably conclude the incident occurred, and that Defendant Bryant was the actor.

4

## 2. *Particular purpose*

The second question is whether the evidence is admissible for a particular purpose. The Sixth Circuit has held that Rule 404(b) "is a rule of inclusion, not exclusion." *United States v. Myers*, 102 F.3d 227, 235 (6th Cir. 1996) (citing *United States v. Bakke*, 942 F.2d 977, 981 (6th Cir. 1991); *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989), *cert. denied*, 493 U.S. 933 (1990)). Further, the trial judge has broad discretion in admitting evidence under this Rule. *United States v. Acosta-Cazares*, 878 F.2d 945, 948-51 (6th Cir. 1989), *cert. denied*, 493 U.S. 899 (1989). "Other acts" are those "that are inextricably intertwined with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

The defense argues that this evidence is not probative of a material issue other than character. This is because, per the defense, Defendant Bryant did not have a physician-patient relationship with the clients at the clinic, and because sexual misconduct is not an element of the crime charged. In response, the government argues that this incident is relevant to prove Defendant Bryant's plan or scheme to abuse his position of trust and portray himself as a physician authorized to issue prescriptions.

Although this alleged incident has "temporal proximity" and a "spatial connection" to the charged offense, it is not evidence that precisely speaks to plan, intent, motive, knowledge, or the other 404(b)(2) factors. The Indictment does not detail evidence that Defendant Bryant fraudulently billed Medicaid for the time he spent with Patient A *on that day* – the alleged sexual battery – before handing her the prescription. Without this factual connection to the charged offense (fraud), introducing evidence about the sexual misconduct does not obviously have a

particular purpose that qualifies under 404(b). This is true even taking into account that 404(b) is generally meant to be a rule of inclusion.

### 3. Unfair Prejudice

Evidence is inadmissible under 404(b) when it is more prejudicial than probative. However, since virtually all evidence admitted by the opposing party is prejudicial by nature, the Sixth Circuit has clarified that this "refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

The defense argues that "character assassination" is the only reason for the government to introduce these allegations, but the Government responds that testimony about this alleged incident is a "component" of the fraud charged in the indictment, so evidence about it may be prejudicial, but not *unfairly* so, as required by the test.

The question of whether the jury would perceive this evidence as unfairly prejudicial is a close one. Amidst news coverage and heightened scrutiny of the sexual misconduct of men in positions of power, this incident could seem like salacious details to the jury. On the other hand, to the extent this was part of the pattern of practice of Defendant Bryant – holding himself out as a doctor, abusing the trust of women of little means and standing who came to him for treatment and believed he was a physician who could help – it is relevant to the fraud charged.

However, because details of the alleged sexual battery do not share a close enough connection with the facts of the charged crime, this evidence fails to meet Step 2 of the *Lattner* analysis. As a result, this Court need not decide whether evidence of the alleged sexual battery would be unfairly prejudicial to Defendant Bryant.

## IV. CONCLUSION

For the reasons above, the Court GRANTS Defendant Bryant's Motion *in Limine* and excludes from trial any testimony about the sexual misconduct the Government alleges in ¶¶84-85 of the Indictment.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**United States District Judge**

**Dated: November 30, 2018**