## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : Case No.: 2:17-cr-00146 |
| v. | : Honorable Judge Marbley |
| DARRELL L. BRYANT, and | : |
| GIFTY KUSI | : |
| Defendants. | : |

**DEFENDANT, DARRELL BRYANT'S MOTION FOR JUDGMENT OF ACQUITTAL WITH MEMORANDUM IN SUPPORT**

NOW COMES Defendants Darrell L. Bryant, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, for a judgment of acquittal on the grounds that the evidence presented by the United States at trial during the prosecution's direct case was insufficient to sustain a conviction on Count of Defendant under 18 U.S.C. §§ 1347 and 1349. Specifically, and for the reasons set forth in the memorandum below, Defendant contends that, (1) the United States failed to prove that Defendant Bryant had the requisite intent to commit the crimes beyond a reasonable doubt; and (2) there was insufficient proof of the identified schemes.

I.     **INTRODUCTION**

The jury in this case found Defendant Darrell Bryant guilty on four of the five-count indictment. (DE# 89, journalized December 19, 2018.) Specifically:

Count 1: Conspiracy to Commit Health Care Fraud, 18 U.S.C. §1349.

Count 3: Health Care Fraud 18 U.S.C. §1347 related to "submitting fraudulent claims to Medicaid for compound creams that were not medically necessary, because it was not requested to be filled by the patient, and/ or it was not legitimately prescribed by a physician." (Indictment, DE #4, par. 93.)

Count 4: Health Care Fraud 18 U.S.C. §1347 related to "submitting fraudulent claims to Medicaid for individual counseling services that were not provided, or provided in a group setting." (Indictment, DE #4, par. 95.)

Count 5: Health Care Fraud 18 U.S.C. §1347 related to "counseling services by unqualified individuals, when there was no proper supervising physician, in connection with the delivery of, or payment for, health care benefits, items, or services." (Indictment, DE #4, par. 97.)

II.    **STANDARD FOR GRANTING JUDGMENT OF ACQUITTAL UNDER R. 29**

A Rule 29 motion for judgment of acquittal is "a challenge to the sufficiency of the evidence." *See U.S. v. King*, 169 F.3d 1035, 1038 (6th Cir. 1999) (internal quotations omitted). The Court will assess "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original)). For this analysis, "[t]he

prosecution . . . must present substantial evidence as to each element of the offense from which a jury could find the accused guilty beyond a reasonable doubt." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citation omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *U.S. v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). Although circumstantial evidence alone can support a conviction, there are times that it amounts to only a reasonable speculation and not to sufficient evidence. *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008).

### III. THE UNITED STATES FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE EVERY ELEMENT OF COUNT 4; THEREFORE, DEFENDANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL UNDER RULE 29.

Count 4 alleges Health Care Fraud, 18 U.S.C. §1347, related to "submitting fraudulent claims to Medicaid for individual counseling services that were not provided, or provided in a group setting." (Indictment, DE #4, par. 95.) In this case, the United States failed to present competent evidence to differentiate billing requirements for group versus individual counseling. Agent Morse testified very generally concerning billing codes, but the testimony did not provide competent evidence of specific, detailed requirements of the billing codes used. No evidence was presented to demonstrate professional standards in order to prove what must take place in a therapy session and why the therapy sessions billed in this case could not be construed as therapy. Moreover, the United States failed to present evidence to demonstrate dates and times where individual counseling services were not provided, or that were provided in a group setting in lieu of an individual setting. The rough, generalized circumstantial evidence in this count amounted to

only a reasonable speculation and not to sufficient evidence. *See Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008).

IV. **THE UNITED STATES FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE EVERY ELEMENT OF COUNT 5; THEREFORE, DEFENDANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL UNDER RULE 29.**

Count 5 alleges Health Care Fraud, 18 U.S.C. §1347, related to "counseling services by unqualified individuals, when there was no proper supervising physician, in connection with the delivery of, or payment for, health care benefits, items, or services." (Indictment, DE #4, par. 97.) In this case, the United States failed to present evidence to demonstrate which, if any of the persons rendering counseling services were unqualified. Again, Agent Morse testified very generally concerning billing codes, but the testimony did not provide competent evidence of specific, detailed requirements of the billing codes used. No evidence was presented to the jury to prove what "supervising physician" means in this context. Moreover, the United States failed to present evidence to demonstrate dates and times where unqualified individuals rendered counseling billed to Medicaid. The rough, generalized circumstantial evidence in this count amounted to only a reasonable speculation and not to sufficient evidence. *See Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008).

V. **CONCLUSION**

For the foregoing reasons, Defendant Darrell Bryant submits that, in reviewing the Government's evidence in the light most favorable to the Government, this Court will find that such evidence is insufficient to prove Defendant's guilt beyond a reasonable doubt. As such, Defendant must be acquitted of his convictions under 18 U.S.C. § 1347 as to Counts 4 and 5.

Dated:  January 2, 2019

        Respectfully submitted,
        CHAPMAN LAW GROUP

        /s/ *Laura A. Perkovic*
        Laura A. Perkovic (0072986)
        *Attorney for Defendant Darrell L. Bryant*
        470 Olde Worthington Rd. Ste 200
        Westerville, OH 43082
        Phone (614) 360-3848
        Fax (248) 644-6324
        LPerkovic@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on January 2, 2019, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

        /s/ *Laura A. Perkovic*
        Laura A. Perkovic (0072986)
        *Attorney for Defendant Darrell L. Bryant*