IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 2-17-CR-0146 |
| | : JUDGE ALGENON L. MARBLEY |
| DARRELL L. BRYANT, | : |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on Defendant Darrell Bryant's Motion for Judgment of Acquittal. (ECF No. 96). The United States filed a response in opposition. (ECF No. 101). For the reasons that follow, Defendant's Motion is **DENIED**.

### I. BACKGROUND

#### A. Procedural Background

Defendants Darrell Bryant and Gifty Kusi, who are married, were each indicted in July 2017 on four counts of health care fraud and one count of conspiracy to commit health care fraud. During trial in December 2018, both Bryant and Kusi were found guilty on four counts: the conspiracy charge and three of the four fraud charges. In January 2019, counsel for Defendant Bryant filed the instant Rule 29 Motion for Judgment of Acquittal. As such, this Court now discusses the case of Defendant Bryant individually.

#### B. Factual Background

Defendant is a licensed pharmacist in the State of Ohio but holds no medical degree or license. (ECF No. 79 at ¶3). With Defendant Kusi, Mr. Bryant owned and operated two clinics at issue in this case: Health & Wellness Pharmacy (HWP), located on Blazer Parkway in Dublin, Ohio; and Health & Wellness Medical Center (HWMC), originally located on Blazer Parkway

1

but later located on Perimeter Drive in Dublin, Ohio. (ECF No. 79 at ¶2). On behalf of HWP and HWMC, Defendant entered into contracts with the Ohio Department of Medicaid (ODM) and CareSource, a Medicaid Managed Care Organization (MCO). (ECF No. 101 at 3). By these contracts, Defendant agreed to be bound by the regulations governing the Medicaid program. (ECF No. 79 at ¶5).

The Indictment alleged Defendant was billing Medicaid for treatments that were not provided, was providing treatments and creams that were not medically necessary, and was billing for counseling services that were not provided or were not provided in accordance with the billing regulations. The jury convicted Defendant of the conspiracy charge and on three counts of health care fraud. The Motion for Judgment of Acquittal was timely filed.

## II. LAW & ANAYSIS

Under Federal Rule of Criminal Procedure 29(a), a court must enter judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). A defendant may make a Rule 29 motion at the close of the government's evidence, at the close of all the evidence, or within 14 days after a guilty verdict. See FED. R. CRIM. P. 29(a), (c).

For a defendant to prevail on a motion for judgment of acquittal, a court must find, "after viewing the evidence in the light most favorable to the prosecution," that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Smith*, 749 F.3d 465, 476 (6th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). "Reversal of a conviction is warranted only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *Id.* at 477 (internal quotation marks omitted). This is a "very heavy burden" for a defendant to meet. *United States v. Jones*, 641 F.3d 706, 710 (6th Cir. 2011) (internal citation omitted). Rather than "weigh[ing] the evidence, assess[ing] the

2

credibility of witnesses, or substitut[ing its] judgment for that of the jury," a court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (internal citations omitted).

In this case, Defendant's motion is denied because there is "substantial and competent evidence" supporting the jury's verdict.

Defendant's motion focuses on Counts Four and Five. Count Four alleged Defendant "submitt[ed] fraudulent claims to Medicaid for individual counseling services that were not provided, or provided in a group setting." (ECF No. 4 at ¶¶ 94-95). Defendant argues that Special Agent (SA) Morse, called by the prosecution, "testified very generally concerning billing codes, but the testimony did not provide competent evidence of specific, detailed requirements of the billing codes used." (ECF No. 96 at 3). But SA Morse, along with an earlier witness, Mr. Steve Smith, testified about the requirements of the specific billing codes used by Defendant. In addition, the prosecution introduced a video taken by a patient at the clinic. The video shows the patient, Client 2, fill out paperwork, sit briefly with a counselor, and then sit and color. On the date the video was taken, HWMC billed for counseling session ostensibly provided to Client 2, but the video shows no such counseling session take place. (ECF No. 101 at 10). Taking this evidence in the light most favorable to the prosecution, the jury's verdict of guilty is supported by substantial evidence.

Defendant's motion also discusses Count Five. Defendant was convicted of billing for "counseling services by unqualified individuals, when there was no proper supervising physician, in connection with the delivery of, or payment for, health care benefits, items, or services." (ECF No. 4 at ¶¶96-97). Defendant argues the prosecution "failed to present evidence to demonstrate which, if any, of the persons rendering counseling services were unqualified."

3

(ECF No. 96 at 4). However, at trial, the United States called Mr. Smith, who testified about the billing code 90838. Mr. Smith testified that 90838 is an add-on code: to bill it appropriately, the counseling should be provided by the same medical professional who performed the office visit. In addition, properly billing 90838 requires sixty minutes of counseling. Several former patients from the clinics testified that Defendant represented himself as a physician, despite having no medical degree. They testified they called him "Dr. Bryant." Former employees of the clinic also testified that they did not have the qualifications necessary for a 90838 billing, nor were they supervised by such a person. The prosecution further presented evidence that the total time the clinic billed for summed to more than twenty-four hours per day. As to Count Five, the jury's verdict is supported by substantial evidence.

With respect both to the Counts raised by Defendant in his motion, and to the others on which he was convicted, this Court finds the verdict is supported by "substantial and competent evidence" and a rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt." This Court accordingly will not substitute its judgment for the jury's.

### III.   CONCLUSION

For the foregoing reasons, Defendant Bryant's Motion for Judgment of Acquittal is **DENIED.**

**IT IS SO ORDERED.**

                                                                                       s/Algenon L. Marbley
                                                                                       **ALGENON L. MARBLEY**
**Dated: April 3, 2019**                                                           **United States District Judge**