IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 17-CR-146 |
| | : | JUDGE ALGENON L. MARBLEY |
| DARRELL L. BRYANT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court on Defendant Darrell Bryant's Motion for Release or Furlough. (ECF No. 126). The United States has filed a Motion in Opposition. (ECF No. 127).

Defendant Bryant, along with his co-defendant and wife, Gifty Kusi, were indicted in July 2017 on one count each of conspiracy to commit health care fraud and four counts each of health care fraud. On July 24, 2017, Magistrate Judge Jolson released both defendants on personal recognizance pending trial, but attached several conditions to their bond, including that neither defendant violate any federal, state, or local law. In December 2018, both defendants were found guilty on Count 1 (conspiracy) and Counts 3, 4, and 5 (health care fraud) and acquitted on Count 2 (health care fraud).

After the jury returned its verdict, this Court was faced with the choice of whether to release Defendants subject to their previous bond conditions pending sentencing or whether to incarcerate Defendants pending sentencing. Defense counsel informed this Court that Defendant Kusi was pregnant, with a due date of June 2019, and that the couple also have a toddler. Accordingly, this Court continued Defendants' bond conditions after they represented they were no longer involved in operating a health care clinic or interacting with patients. As a condition of their release on bond, Defendants were again warned not to violate any federal, state, or local laws.

On March 21, 2019, this Court – following a Motion by the United States and a hearing on the matter – revoked Defendant Bryant's bond after the United States presented evidence that

1

he had continued to work at Alexander Recovery Center, in violation of federal law and the conditions of bond. Defendant Kusi was permitted to remain on bond. This Court allowed her visitation of Defendant Bryant (ECF No. 119) and authorized her to remove the ankle monitor when she goes into labor. (ECF No. 125).

Now Defendant Bryant requests either to be released until sentencing or a six-week furlough in order to be present for his daughter's birth and in order to assist his wife in the period immediately before and after labor and delivery.

Since his conviction, the question of whether Defendant Bryant would be able to be present for the birth of his daughter was entirely in his control. This Court deliberately delayed sentencing of these two defendants to allow Ms. Kusi to give birth and to allow them to get their affairs in order before serving their time. In addition, this Court has discussed with counsel and at the bond revocation hearing its intent to sentence only one parent at a time, allowing Defendant Bryant to serve and complete his sentence before Defendant Kusi is sentenced and is to serve her time. In addition, as the United States outlines in its motion, Defendants were repeatedly warned – both by this Court and by Judge Jolson – that the conditions of their bond required them not to violate any federal, state, or local laws. Despite being given these repeated warnings, despite his conviction on four counts, and despite being told he could be present at his daughter's birth by remaining on bond subject to conditions, Defendant Bryant *still* persisted in violating federal law by working with Alexander Recovery. The best way for Defendant Bryant to ensure he was present for the birth of his daughter would have been to abide by the conditions set by this Court, and outlined for him on multiple occasions, the first time.

Nevertheless, the purpose of our criminal justice system as currently constituted is rehabilitation, not retribution. A defendant convicted and awaiting sentencing is eligible for release pending sentencing so long as the Court determines by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to another or the community. 18 U.S.C. § 3143. The birth of one's child is a rare and meaningful event for any parent – and the opportunity and obligation to help one's spouse with a newborn is a weighty one. It is also not this Court's intention to harm Defendant Kusi by depriving her of her partner's presence during this time as a

result of his behavior. Moreover, this Court is convinced that Defendant Bryant neither poses a threat to anyone nor is he likely to flee. 18 U.S.C. § 3143. For these reasons, this Court reluctantly **GRANTS** Defendant Bryant's Motion. He is to be released pending sentencing, subject to the conditions outlined herein. 18 U.S.C. § 3142(c).

Defendant Bryant may be released one week before the baby is due – June 18, 2019 – or sooner upon Motion to this Court that the baby has arrived early. Defendant Bryant may remain out on bond until he is sentenced by this Court, subject to home incarceration with GPS (Global Positioning System) monitoring. Defendant Bryant may travel to the office of his children's pediatrician and to the hospital with Ms. Kusi, but otherwise must remain at home. The terms of Defendant Bryant's earlier bond are re-imposed. Defendant Bryant is again cautioned that he may not violate any federal, state, or local laws, and that he may not be involved in providing health care or signing prescriptions of any kind. Any additional violation of these bond conditions will again result in his bond being immediately revoked.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**

**Dated: June 13, 2019**