IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:17-cr-00146 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| DARRELL BRYANT AND GIFTY KUSI, : | |
| : | |
| : | |
| Defendants. : | |

## ORDER

This matter is before the Court on Defendants' Objections to the Presentence Investigation Report. Defendants Darrell Bryant and Gifty Kusi joined in their Objections. The Court ruled on the Objections at the Sentencing Hearing held on November 26, 2019. The Court's rulings are memorialized below:

**Objection #1:**

- **Paragraphs 17, 24, and 35**: The defendant, through counsel, asserts that although the jury found the defendants guilty on Counts 1, 3, 4, and 5, the defendant objects to the statements that they billed for compound creams which were not provided, not medically necessary, or not legitimately prescribed by a physician. Further, the defendant billed for individual counseling services which were provided in a group setting, provided by unqualified individuals when there was no proper supervising physician present, or not provided. Additionally, defense counsel asserts there was no testimony concerning patients merely sitting in a room with a timer before being permitted to leave, or testimony concerning coloring books in

1

the waiting room. Defense counsel contends that the United States failed to prove the specifics of the aforementioned statements, and that the trial transcripts prove otherwise.

- <u>Ruling</u>: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court recounted that there was testimony at trial demonstrating that clinic patients were receiving group counseling while these services were billed as individual counseling sessions. Further, that there was testimony from counseling providers who confirmed that qualified supervising physicians should have been present during chemical dependency counseling sessions, and that no such physicians were present. Finally, the Court noted that there was testimony at trial that clinic patients sat in a waiting room for designated periods during which they colored books before receiving their Suboxone prescriptions.

**Objection #2:**

- **Paragraph 18**: The defendant, through counsel, objects to the comparison of the number of H&W claims billed for various drugs or compound bases in comparison to the other pharmacies. Defense counsel asserts that the government's witness conceded that the data he received was incomplete. Defense counsel states that without complete data, the rankings cannot stand.

- <u>Ruling</u>: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court found that although witness testimony revealed a broad analysis between the number of bills claimed by H&W

2

versus other pharmacies, and while the Government conceded that some of the pharmacy names were not reported, the number of prescriptions billed by those other pharmacies was indeed accurate.

### Objection #3:

- **Paragraph 19**: Defense counsel asserts that the defendant was acquitted of Health Care Fraud, as charged in Count 2 of the Indictment, which alleged the defendant submitted claims for compound creams that were never provided.
- Ruling: Objection was **WITHDRAWN**.

### Objection #4:

- **Paragraph 20**: The defendant, through counsel, objects to paragraph 20 of the presentence investigation report for the following reasons: only one employee, Ms. Lacosta, testified that she expressed concerns that defendants' marketing was illegal and there was no foundation for Ms. Lacosta to conclude that marketing was illegal, nor was she qualified to draw that legal conclusion; Clinic 5 operations were not part of the accusations to defend in this case; and the number of patients who received creams they did not request was not supported by the trial transcripts.
- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court held that there were a number of Clinic Five patients who testified at trial that they did not want the creams they were being sent, and that some did not know how to get them to stop. Further, that there were several witnesses -- including Ms. Lasota and Dr. Rivera -- who

3

expressed concerns that defendants' marketing was illegal. All of this evidence was relevant conduct for purposes of sentencing.

### Objection #5:

- **Paragraphs 21 and 22**: The defendant, through counsel, objects to inclusion of a greater number of patients who were customers at Sav-a-Lot or who testified to never having seen a physician. Defense counsel further asserts that only one patient instructed the defendants to stop sending compound creams, as evidence by the trial transcripts.

- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court emphasized that the evidence at trial was clear that there were several Sav-a-Lot shoppers who testified that they had received creams without ever consulting a physician.

### Objection #6:

- **Paragraph 23**: The defendant, through counsel, asserts that the evidence in this case does not support that the defendants recruited more than one physician to "sign-off on whatever prescriptions were recommended." Defense counsel contends that the evidence on this issue is limited to the testimony of Dr. Rivera.

- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court found that there was testimony regarding Dr. Oppong and Dr. Jornel to support the fact that Defendants recruited more than one doctor to sign blank prescription pads.

### Objection #7:

- **Paragraph 26**: Defense counsel asserts that all evidence concerning the defendant's sexual conduct was excluded from evidence at trial and should not be considered because there is no relevance to health care fraud for compound creams and counseling.

- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court held that this was relevant conduct for purposes of fashioning Defendant Bryant's sentence.

### Objection #8:

- **Paragraphs 27 and 35**: The defendant, through counsel, objects to the probation officer's calculated loss of $3,207,491.22. The defendant asserts the loss in this case is limited to specific dates to which witnesses testified in trial. Defense counsel contends that the evidence presented during trial did not support the probation officer's calculation. Further, defense counsel provided an expert report which indicates there should be no loss. Lastly, defense counsel contends the Government did not provide expert analysis, and did not present evidence to justify the loss amounts.

- Ruling: For the reasons set forth on the record, and stated below, the Court **OVERRULED** Defendants' Objection.

    The Court reiterates that for offenses involving government health care programs, the total amount fraudulently billed to the program is prima facie evidence of intended loss. *See United States v. Bertram*, 900 F.3d 743, 752 (6th

Cir. 2018). Here, the Government presented evidence that Defendants fraudulently billed the Ohio Medicaid program a total of $3,727,127.61. Of this amount, $2,105,682.51 was for compound creams and $1,621,445.10 was for counseling services. The Court, however, calculated the total loss amount in this case to be $3,207,491.22, given that the Ohio Medicaid program paid only $1,101,808.71 of the $1,621,445.10 fraudulently billed for counseling services. *See United States v. Behnan*, 554 F. App'x 394, 399 (6th Cir. 2014) ("The Guidelines . . . do not call for mathematical exactitude—they allow a district court to make a reasonable estimate of the loss.").

Under the Federal Sentencing Guidelines, Defendants could rebut the presumption that intended loss was the amount billed with evidence that they never intended to receive that amount. *Bertram*, 900 F.3d at 752. After hearing arguments from defense counsel, the Court concluded that Defendants did not effectively rebut this presumption. Namely, the Court found that the testimony in this case did not support the arguments raised by defense counsel. *See United States v. Culberson*, 2009 WL 776106, at *3 (6th Cir. Mar. 24, 2009) ("At Brown's sentencing hearing, Brown's counsel argued that Brown did not expect to receive the entire amount billed. But he offered no evidence to support that assertion. Brown never testified about his own intent or offered evidence showing that he knew what amounts BCBSM was likely to pay out. Because he failed to do so, the district court did not clearly err in finding that the bills represented the amount that Brown hoped to obtain.").

6

**Objection #9:**

- **Paragraphs 38 through 40:** The defendant, through counsel, objects to the 4-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for aggravated role. Defense counsel asserts that there were only three participants in the activity; the employees and other physicians believed that the services they rendered were legitimate; and the defendant did not use the unknowing services of many outsiders. Additionally, defense counsel contends there was no testimony presented during trial that the defendant directed anyone to falsely bill and the defendant did not keep all of the fruits of the crime.

- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court found that the evidence established Defendant Bryant was the leader and organizer of the criminal activity in this case and that he directed the actions of the pharmacy technicians, doctors, and clinic employees. Further, that Defendant Kusi, though not the organizer or leader, was still criminally culpable.

**Objection #10:**

- **Paragraphs 41 through 44:** The defendant, through counsel, objects to the 2-level enhancement pursuant to U.S.S.G. § 3B1.3 for abuse of a position of public or private trust. Defense counsel asserts the enhancement does not apply because it may not be employed if an abuse of trust is included in the base offense level or specific offense characteristic. Additionally, defense counsel contends that if the

7

defendant was not in the position as a Medicaid provider, he would not have been able to commit health care fraud.

- Ruling: For the reasons set forth on the record, and restated below, the Court **OVERRULED** Defendants' Objection. The Court concluded that Defendants abused their positions of trust as individuals holding special skills as pharmacists.

**IT IS SO ORDERED.**

                                              /s/ Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 7, 2020**