# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DARRELL BRYANT,<br><br>　　　　Defendant. | CASE NO. 2:17-CR-146(1)<br><br>CHIEF JUDGE MARBLEY |

## GOVERNMENT'S OPPOSITION TO DEFENDANT DARRELL BRYANT'S MOTION FOR A STAY PENDING APPEAL

Now comes, the United States of America, by and through the undersigned counsel, and submits this response in opposition to Defendant Darrell Bryant's Motion for Stay Pending Appeal. (ECF No. 150). For the reasons stated below, the defendant cannot prevail on his motion because (1) the defendant is a risk of danger to the community; and (2) the defendant is unlikely to be successful on appeal.  Therefore, the Defendant's Motion should be denied.

A memorandum in support is attached.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　DAVID M. DEVILLERS
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　s/Maritsa A. Flaherty
　　　　　　　　　　　　　　　　　　　MARITSA A. FLAHERTY (0080903)
　　　　　　　　　　　　　　　　　　　KENNETH F. AFFELDT (0052128)
　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　303 Marconi Boulevard, Suite 200
　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　　　　　Office: (614) 255-1611
　　　　　　　　　　　　　　　　　　　Fax: (614) 469-5653
　　　　　　　　　　　　　　　　　　　Email: Maritsa.Flaherty@usdoj.gov

## **MEMORANDUM IN SUPPORT**

### I.      Introduction

The defendant Darrell Bryant has filed a Motion for Stay of Judgment Pending Appeal or in the Alternative Motion for Stay of Judgment for a Period of Time to Resolve Civil Suits. Doc. # 150. The defendant has moved for a stay of execution of his sentence on the grounds that the defendant has pending civil suits which should permit the delay. *Id*. PAGEID 2508.

### II.     Procedural History

The defendant Darrell Bryant was charged by way of indictment on July 6, 2017, in which defendants Darrell Bryant and Gifty Kusi were charged with one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, in count 1 of the Indictment, and four counts of Health Care Fraud, in violation of 18 U.S.C. § 1347, in counts 2 through 5 of the Indictment. Beginning on December 3, 2018, and lasting through December 14, 2018, the government presented numerous witnesses and exhibits at trial. On December 18, the Jury returned a verdict convicting defendants Darrell Bryant and Gifty Kusi of Counts 1, 3, 4, and 5. The Jury acquitted defendants Darrell Bryant and Gifty Kusi on Count 2. On November 26, 2019, the Court held a full day long sentencing hearing. At the sentencing hearing, all objections to the PSR were addressed on the record, including defendant's objections to the loss amount. Doc. # 154. After the sentencing hearing, the Court outlined its rulings in an Order (January 10, 2020). Doc. # 153. On December 19, 2019, Defendant filed a Motion for Stay of Judgment Pending Appeal or in the Alternative Motion for Stay of Judgment for a Period of Time to Resolve Civil Suits.  Doc. #150. Defendant is presently incarcerated at Elkton Federal Correctional Institution.

### III.     Standard of Review

Rule 38(b) of the Federal Rules of Criminal Procedure permits a court to grant or deny a stay a sentence of imprisonment. *See also* Fed. R. App. Pro. 8(c). A stay shall only be granted if the defendant is "released pending appeal." *Id*. A party should first file a motion in the district court for "a stay of the judgment or order of a district court pending appeal…." Fed. R. App. Pro. 8(a). The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for the release of a defendant pending appeal only in carefully circumscribed circumstances. Section 3143 of the Bail Reform Act creates a presumption against release pending appeal. 18 U.S.C. § 3143(b)(1). A court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal… be detained, unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released… and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1); see also *United States v. Chilingirian,* 280 F.3d 704, 709 (6th Cir. 2002).

In order to show the defendant raises a substantial question of law, the defendant must show his appeal raises a "close question" of law or fact. *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985). "The district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Id*.

A defendant's sentence will not be stayed pending appeal under 18 U.S.C. § 3143(b)(1), if all of the rulings challenged by the defendant, were proper rulings by the Court and the defendant is unlikely to prevail on appeal. *United States v. Santiago*, 695 F. Supp. 1490 (S.D.N.Y. 1988).

3

Further, a court can consider a "defendant's demonstrated track record of indifference to—indeed contempt for—his obligation to obey the law while enlarged on bail." *United States v. Ziskind*, 367 F. Supp. 2d 4, 6.

### IV. Argument

As outlined below, the defendant cannot show (a) by clear and convincing evidence that he doesn't pose a risk of danger to the community; and (b) that the appeal is not for the purposes of delay because he is not likely to prevail on his appeal.

The defendant poses a risk of danger to the community, based on several reasons. First, as this court is aware, based on the testimony of patients and former employees, the defendant, a pharmacist, purported to be a physician and treated patients. Even worse, while posing as a physician, the defendant sexually assaulted a woman who was seeking treatment for her addiction. Despite this clear disregard for the law, the defendant further illustrated he cannot be trusted. While under investigation, indictment, and subsequently after he was found guilty of health care fraud, the defendant violated his bond and continued to violate the law. For these reasons, the defendant cannot be trusted to be free in the community.

Further, the defendant cannot show his appeal is not for the purposes of the delay. The defendant requests the stay of sentence for the purpose of resolving his civil suits. In justifying his reasoning for the stay, the defendant stated he will succeed on appeal by lowering the loss calculation, which will ultimately lower his sentence. The defendant's arguments are misguided. First, the district court specifically addressed defendant's objection to the loss amount at the sentencing hearing. Doc. #154, PAGEID 2575. Second, even if the defendant was successful in lowering the loss amount, the defendant is still unlikely likely to receive a lower sentence because

he received a sentence below the guideline range. For these reasons, the defendant should not be granted a stay of judgment.

### (A) The defendant poses a risk of danger to the community.

During the trial, the government presented evidence that in addition to the health care fraud schemes related to compound creams and counseling, defendant Darrell Bryant, a licensed pharmacist, was treating patients and acting in the capacity of a physician (in which he does not hold a license in the state of Ohio) while at Health and Wellness Medical Center (HWMC). Several patients testified and identified the defendant, Darrell Bryant, as the physician who treated them. In addition, Darrell Bryant's writing was identified on the patient visit notes in the section titled "MD Notes."

Additionally, during trial the Government presented evidence that it was standard operating procedure at HWMC for physicians to pre-sign prescriptions for Suboxone, and leave these in the patient files. Front desk staff indicated the patients did not have to see a doctor if there was a pre-signed prescription in the file. During a subsequent trial of Dr. Oppong, additional witness testimony revealed that "Dr. Bryant" would see patients for follow-ups, if there was a pre-signed prescription in the file. Though defendant Darrell Bryant was not charged with violating Title 21, Section 841 of the United States Code, there was evidence presented that he violated the provisions of this statute by distributing Suboxone, a Schedule III controlled substance, completing prescriptions for patients when in fact he was not authorized to do so.

Most importantly, while under investigation, subsequent indictment, and post-verdict, the defendant continued to engage in illegal activities. The "defendant's demonstrated track record of indifference to—indeed contempt for—his obligation to obey the law" further illustrates the "defendant is not a good candidate" for release because he "brazenly engaged in

separate criminal activity during the same period of time he was on trial." *United States v. Ziskind*, *supra*, at 6.

Through the course of the trial, it became apparent to the government that no conditions or set of conditions would stop the defendant and co-defendant Kusi from their continued illegal operation of multiple Suboxone clinics. By operating the clinics, which accepted and billed Ohio Medicaid, defendants continued to commit Health Care Fraud, in violation of Title 18, Section 1347 of the United States Code. By directing staff to pass out pre-signed prescriptions for controlled substances, the defendants continued to conspire to violate Title 21, Section 841 of the United States Code, and to illegally distribute controlled substances.

From the time the Medicaid suspension was issued on September 23, 2016, until the Court revoked Defendant's bond on March 21, 2019, defendants Bryant and Kusi continued the illegal operation of an OBOT facility. Both defendants Bryant and Kusi were the *de facto* owners and operators of Alexander Recovery Center (ARC) at three locations in the Southern District of Ohio. ARC continued to bill Medicaid, through use of Dr. Alexander's Medicaid number, despite Bryant and Kusi's suspension from the Medicaid program. Dr. Alexander was used for the purposes of his name and his Medicaid number to continue billing Medicaid in violation of law and the suspension. Employees reported Bryant and Kusi are the owners and in control of all operations at ARC. Financial records obtained confirmed Bryant and Kusi controlled ARC's finances, even issuing payments to Dr. Alexander with a memo line indicating "Medicaid." During this time, Bryant and Kusi ran all operations, including running operations of the clinics by a remote video monitoring system. On February 27, 2019, no physicians were onsite at ARC, yet pre-signed prescriptions for Suboxone, a Scheduled III controlled substance, were still issued to patients at the direction of defendants Bryant and Kusi.

The defendant's overall disregard of the law, and this Court's orders to comply with it, certainly speaks to why his release poses a danger to the community. The defendant's actions clearly illustrate that imprisonment is essential to protect the public from the defendant's continuous illegal activity. Implementation of defendant's sentence of imprisonment will ensure the defendant can no longer defraud Medicaid, no longer pose as a doctor, no longer sexually assault women, and no longer illegally distribute controlled substances.

**(B) The Defendant is Unlikely to Prevail on Appeal.**

Further, the defendant cannot show his appeal is not for the purposes of the delay. The defendant requests the stay of sentence for the purpose of resolving his civil suits. In justifying his reasoning for the stay, the defendant stated he will succeed on appeal by lowering the loss calculation, which will ultimately lower his sentence.

As the *Pollard* Court noted, "the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Id*. 778 F.2d 1177, 1182 (6th Cir. 1985). The defendant raised his objections to the loss amount at his day-long sentencing hearing. Doc. # 154 PAGEID 2575. Defendant objected to the calculated loss amount of $3,207,491.22 at the sentencing hearing. *Id*. The Court heard evidence from defense related to requesting a reduced loss amount in the amount of zero. However, the court found that "for offenses involving government health care programs, the total amount fraudulently billed to the program is prima facie evidence of intended loss." Doc. #153, PAGEID 2537; *See United States v. Bertram*, 900 F.3d 743, 752 (6th Cir. 2018). In addition, the Court noted "The Guidelines … do not call for mathematical exactitude—they allow a district court to make a reasonable estimate of the loss." *See United States v. Behnan*, 554 F. App'x 394, 399 (6th Cir. 2014).

7

Additional cases support the loss figure as calculated by the Court. In the *United States v. Washington*, the court used the total amount billed to Medicare during a pervasive health care fraud scheme. *United States v. Washington*, 715 F.3d 975 (6th Cir. 2013). "The government need only prove the loss to the court by a preponderance of the evidence." *Id.* at 984. The district court was justified in finding the amount of loss to be the entire amount because it found the "entire wellness program was a sham." *Id.* at 985. Further, the court found the defendant had the burden of proving a specific amount by which the loss should be reduced. *Id.* at 985. Here, the defendants did not show a specific amount by which the loss should be reduced, except to say that because the government has not met its burden to prove a loss amount, the result should be zero dollars. Doc. #153, PAGEID 2537. The court considered this argument, but ultimately was not persuaded. *Id.*

Likewise, the district court's loss calculation was reasonable in a prosecution for conspiracy to commit health care fraud. *United States v. Lovett*, 764 Fed.App'x 450 (6th Cir. 2019). In Lovett, the court again found using the total amount billed, or a number relatively close to that amount, was appropriate when defendants engaged in pervasive fraud. "The Government proved that the defendants engaged in a pervasive health care fraud conspiracy, and it submitted the entire amount billed during that conspiracy as the amount of loss." *Id.* at 460. The court stated "given the sweeping nature of the defendants' scheme to bill for services never rendered in this case, the Government's initial loss calculation here was reasonable." *Id.* Further, the district court rejected the argument that the loss should be confined to the amount outlined in the health care fraud counts. Here, the government presented detailed exhibits and explanations of the loss amount as outlined in Government's Exhibits 300 and 301, admitted at trial, explained by Special Agent Kelly Morse.

Finally, it is important to note the defendant received a below guideline sentence. The

guideline range, as ultimately determined by the Court, is a level thirty-two (32) with a criminal history category of I, suggesting a guideline sentence of one hundred and twenty-one (121) months to one hundred and fifty-one months (151). The defendant was sentenced to eighty-four (84) months, a below guideline sentence. Defendant has not offered any evidence that he is likely to succeed on appeal. Even if the loss amount is ultimately reduced, it is unlikely that it will be reduced by such an amount that would alter the guideline calculations in a way to change the defendant's sentence.

### V. Conclusion

For the reasons stated above, the defendant's motion should be denied. The defendant poses a risk of danger to the community and cannot show his appeal is not for the purposes of the delay or that he is likely to be successful on appeal. Therefore, the Defendant's Motion should be denied.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

s/Maritsa A. Flaherty
MARITSA A. FLAHERTY (0080903)
KENNETH F. AFFELDT (0052128)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 255-1611
Fax: (614) 469-5653
Email: Maritsa.Flaherty@usdoj.gov
Email: Ken.Affeldt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2020, a copy of the foregoing Government's Opposition to Defendant's Motion for Stay Pending Appeal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                s/Maritsa A. Flaherty
                                                MARITSA A. FLAHERTY (0080903)
                                                Assistant United States Attorney