

FILED
RICHARD W. NAGEL
CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

2020 JUL -6 PM 4:17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | CASE NO. 2:17-CR-146(1) |
| vs. | : | CHIEF JUDGE MARBLEY |
| **DARRELL BRYANT,** | : | |
| **Defendant.** | : | |

## EMERGENCY MOTION TO SUBSTITUTE REMAINING SENTENCE OF IMPRISONMENT WITH HOME CONFINEMENT

COMES NOW Defendant Darrell L. Bryant hereby respectfully moves this Court to substitute my remaining sentence of imprisonment with home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) for the extraordinary and compelling reason that I have been diagnosed with COVID-19 and I face a risk of reinfection because COVID-19 has infiltrated the prison, Elkton FCI, where I am residing.

## BACKGROUND

I was convicted on four counts of healthcare fraud and sentenced to 84 months in prison. On March 22, 2019, the Court found that I violated the terms and conditions of my bond and remanded me in custody. The Court reinstated my bond on June 14, 2019. Thereafter, I abided by the terms and conditions of my bond until I reported to Elkton FCI on January 3, 2020. By March 2020, I was exhibiting the symptoms of COVID-19 such as fever, chills, cough, chest pains and shortness of breath. To this day, I am still experiencing chest pains. I was diagnosed

1

and quarantined in June 2020. Subsequently, I applied for compassionate release in an email to the warden which was denied.

**STANDARD OF REVIEW**

A court may modify a term of imprisonment on compassionate release grounds "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A). In determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a). A court may only grant such a modification if it finds that extraordinary and compelling reasons justify a modification.

The relevant policy statement for compassionate release is found in the U.S. Sentencing Guidelines (U.S.S.G) § 1B1.13 and Commentary. However, the policy statement predates the First Step Act and should not be read to stifle a court's ability to award compassionate relief under 18 U.S.C. § 3582(c). United States v. Haynes, 93 CR 1043 (EDNY, April 22, 2020). The First Step Act gave district courts the authority to grant compassionate relief irrespective of BOP's view on the matter and the courts are not required to wait on the Sentencing Commission to update the policy statement. Id. "While there exists a dispute among district courts as to whether a court must still defer to the BOP's determination of what qualifies as an "extraordinary and compelling reason" to modify a sentence, a majority of district courts . . . have found that courts may make that determination independently." United States v. Gileno, No. 3:19-cr-161-(VAB)-1 (D. Conn., Apr. 20, 2020).

**RISK OF COVID-19 REINFECTION**

On July 5, 2020, Elkton FCI reported a total of 360 active cases of COVID-19 among the inmates and 7 active cases among prison staff. https://www.bop.gov/coronavirus/. On June 25, 2020, Columbia County health officials reported a spike in COVID-19 cases in the county due to the active cases at Elkton. The active cases, including myself, have been quarantined in 150-person units where it is impossible to practice social distancing which has been declared by the Centers for Disease Control and Prevention (CDC) as an essential step in preventing the spread of COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/community/tribal/social-distancing.html. The CDC has also described social distancing as "a cornerstone of reducing transmission of Covid-19." CDC, Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities at 4 (Mar. 23, 2020) https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.

At Elkton, the units are divided into cubicles designed to house two to three people each about 8 feet by 9 feet, with a 5-foot wall in between. As such we are clustered together in the units. The bunks are in close proximity to each other, less than six feet in all directions. Each unit consists of only 10 sinks, 18 showers, 6 toilets and 6 urinals for the 150 inmates. At mealtimes we have no option but to cluster together to get through a 4-6-foot-wide door because there is no space to spread out. The rest of the prison population which is currently not quarantined live under the same conditions.

Despite BOP's efforts to address the risk of COVID-19 at Elkton through its multiphase action plan, active cases abound because the dormitory style setting of Elkton does not allow for any meaningful social distancing. The COVID-19 outbreak at Elkton has been worsened by features of the prison's internal structure that hinder social distancing. United States v. Bass 1:10-CR-166 (LEK), 2020 WL 2831851, at *1 (N.D. New York. May 27, 2020).

I face a risk of reinfection because the crucial step of social distancing which is the keystone of reducing transmission of COVID-19 cannot be implemented meaningfully at Elkton. This risk is extraordinary and compelling enough to warrant a modification of my sentence to home confinement because I am at risk of losing my life if I am infected again after recovery.

Reacting to a study in China which found that coronavirus antibodies may fade away in two months, Dr. Daniel Griffin, an infectious disease specialist at Columbia University Medical Center, noted that "this is quite worrisome that here we're seeing evidence that maybe a person can get COVID-19 more than once, maybe more than once in a short period of time." https://www.foxnews.com/media/columbia-doctor-study-coronavirus-antibodies-fade. Dr. Griffin added that the study showed that the antibodies in asymptomatic patients depleted at a faster rate than that of symptomatic patients. Id. Elkton has classified all the current active cases as asymptomatic; this means that the antibodies of all the quarantined inmates, including myself, are fast depleting. Even patients whose antibodies do not fade away completely cannot be presumed to be immune from reinfection; the World Health Organization has issued a caution that "there is currently no evidence that people who have recovered from COVID-19 and have antibodies are protected from a second infection." https://abcnews.go.com/Health/covid-19-antibodies-fade-months-study/story?id=71406787. Dr. Robert Carry, a professor at the Tulane University School of Medicine has also opined that "I think that you're going to see as the immune response wanes in these respiratory infections, there is a possibility that you could get re-infected." Id.

Gov. Phil Murphy of New Jersey has confirmed that "the state is starting to see small spikes in COVID-19 reinfection from those returning from out-of-state travel as the number of those testing positive for the coronavirus grew by 398 in New Jersey.

4

https://www.nj.com/coronavirus/2020/07/nj-coronavirus-deaths-increase-to-15211-with-173402-cases-as-murphy-warns-of-out-of-state-reinfections-spike.html. On July 4, 2020, Fox 11 reported a case of reinfection in Koreatown, Los Angeles. https://www.foxla.com/news/koreatown-man-reinfected-with-covid-19-after-attending-several-protests. The man in question had initially tested positive for COVID-19 in March; he experienced fevers and headaches for a month. Id. His recovery was confirmed by a series of negative test results which were mandated by his employer. Id. However, he tested positive for COVID-19 again in June. Id. He experienced even more severe symptoms on the second infection such as stomach flu, light cramps, and diarrhea. Id. In his own words, it felt like death. Id. Pakistan also confirmed its first case of COVID-19 reinfection in June 2020. According to Dr. Salman Kazmi, the patient who was re-infected exhibited more severe symptoms than he exhibited on the first infection. https://dailytimes.com.pk/631362/pakistan-confirms-first-reinfection-case-of-coronavirus/.

Reports of possible reinfections have surfaced in the United States, South Korea and India. In May, the U.S. Navy reported that 13 sailors from the USS Theodore Roosevelt who had been infected with COVID-19 and received negative test results later tested positive again. https://www.physiciansweekly.com/risk-for-covid-19-reinfection-remains-unknown/. The health authorities in South Korea have also reported that over 110 people who had fully recovered from COVID-19 tested positive again. http://www.koreaherald.com/view.php?ud=20200412000213&np=3&mp=1. The New Indian Express reported that the state of Kerala is facing a possible threat of reinfection; two expatriates who had recovered from COVID-19 tested positive again. https://www.newindianexpress.com/states/kerala/2020/jul/05/two-expats-test-positive-again-is-reinfection-new-threat-2165578.html. These reports of possible reinfections have prompted the

CDC to conduct investigations; in June 2020, the Department of Homeland Security sent out an alert to health departments informing them that the CDC was looking to have departments send case information to it that meets the criteria for possible re-infection. https://www.wsaw.com/content/news/CDC-researching-cases-of-possible-reinfection-of-COVID-19-571030191.html.

## CONCLUSION

In light of the confirmed cases of reinfection in New Jersey, Los Angeles and Pakistan and the reports of possible reinfections in the United States, South Korea and India, I am at risk of COVID-19 reinfection which may bring forth even more severe symptoms and lead to death. This is because it is impossible to practice social distancing at Elkton as reflected in the district court's finding in United States v. Bass 1:10-CR-166 (LEK), 2020 WL 2831851, at *1 (N.D. New York. May 27, 2020). According to the CDC, social distancing is the essential step required to prevent the spread of COVID-19. Without this crucial step, I remain exposed to the COVID-19 virus after recovery. The risk of such exposure is an extraordinary and compelling reason which warrants modification of my sentence.

WHEREFORE, Defendant Darrell L. Bryant requests the Court to grant the motion for home confinement.

Dated: July 5, 2020.

Respectfully submitted

*Darrell Bryant*

Darrell L. Bryant
3217 Walkerview Dr.
Hilliard, OH, 43026
Phone (309) 8680958