**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 16, 2020

Darrell L. Bryant
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Ms. Mary B. Young
Office of the U.S. Attorney
303 Marconi Boulevard
Suite 200
Columbus, OH 43215

                    Re:  Case No. 20-3808, *USA v. Darrell Bryant*
                         Originating Case No. : 2:17-cr-00146-1

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                       Sincerely yours,

                                       s/Bryant L. Crutcher
                                       Case Manager
                                       Direct Dial No. 513-564-7013

cc:  Mr. Richard W. Nagel

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 20-3808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 16, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| DARRELL L. BRYANT, ) | THE SOUTHERN DISTRICT OF |
| ) | OHIO |
| Defendant-Appellant. ) | |
| ) | |
| ) | |

<u>O R D E R</u>

Before: McKEAGUE, DONALD, and READLER, Circuit Judges.

Darrell L. Bryant, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). This case has been referred to a panel of the Court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2018, a jury found Bryant guilty of health care fraud and conspiracy to commit health care fraud, *see* 18 U.S.C. §§ 1347 and 1349, and the district court sentenced him to 84 months in prison, to be followed by three years of supervised release. The district court revoked Bryant's bond before sentencing after finding that he had continued to engage in fraudulent billing practices while under court supervision but "reluctantly" reinstated his bond a few months later so that he could be present for the birth of his child, and he was allowed to self-report after sentencing. Bryant's direct appeal is now pending before this Court.

No. 20-3808
- 2 -

Bryant began serving his sentence in January 2020 and is currently housed at FCI Elkton. He first experienced COVID-19 symptoms in March but was not diagnosed and quarantined until June, and he continues to experience chest pains and fatigue. After his administrative request for compassionate release was denied, he filed his motion in the district court, asserting that he is at risk of reinfection because there have been hundreds of cases at FCI Elkton and the facility's layout makes social distancing impracticable. The government opposed the motion.

The district court recognized that the risks associated with COVID-19 reinfection are "not yet fully known." But because Bryant had no underlying medical conditions and had recovered from COVID-19 without serious complications, the district court concluded that his risk of severe illness was "minimal" and that he had thus failed to show extraordinary and compelling reasons for compassionate release. The district court further concluded that, even if Bryant had made this showing, his release would be inconsistent with the 18 U.S.C. § 3553(a) factors. The district court thus denied his motion and his subsequent request for reconsideration.

We review the district court's denial of compassionate release for an abuse of discretion. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

The compassionate release provision allows the district court to reduce a defendant's sentence only if it finds that "extraordinary and compelling reasons" warrant a reduction; that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support the reduction. 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons are defined in the commentary to the relevant policy statement and fall into four categories: (A) medical conditions, (B) age, (C) family circumstances, and (D) reasons other than, or in combination with, the reasons described in subdivisions (A) through (C), as determined by the Director of the Bureau of Prisons. USSG § 1B1.13 cmt. n.1.

No. 20-3808
- 3 -

Bryant argues that the district court erred in determining that he did not show extraordinary and compelling reasons for compassionate release, citing his inability to practice social distancing at FCI Elkton and his continued chest pains and fatigue after contracting COVID-19. But we need not resolve that issue because the district court also relied on the § 3553(a) factors, and its decision can be affirmed on that basis alone. *See Kincaid*, 802 F. App'x at 188. In a compassionate release proceeding, as at sentencing, the district court "is best situated to balance the § 3553(a) factors." *Id.* at 189 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). These factors include, among others, "the nature and circumstances of the offense"; the defendant's "history and characteristics"; the need for the sentence "to promote respect for the law," to "provide just punishment for the offense," to "afford adequate deterrence," and to "protect the public"; and the defendant's medical needs. 18 U.S.C. § 3553(a)(1)-(2). The district court considered these factors at sentencing, emphasizing the need for deterrence and to protect the public in light of the seriousness of the offense, which involved over $3 million in fraudulent health care claims; Bryant's role as the "mastermind" behind the offense; his sexual assault of one of the patients at his clinic; and his bond violation. And in denying compassionate release, the district court focused on Bryant's history and characteristics, again citing his return to criminal activity after being released on bond and expressing concern that, if he were released on home confinement, he was likely to engage in "further criminal conduct during the five-plus years remaining on his sentence."

Bryant argues that the weight given by the district court to his bond violation is inconsistent with its previous decision to reinstate his bond pending sentencing, when it determined that he did not pose a threat to the public and was unlikely to flee. But the district court made this determination based on the compelling circumstances presented by the impending birth of Bryant's daughter, which it described as "a rare and meaningful event" with "weighty" obligations attached to it. This is not inconsistent with the district court's concern that, if Bryant were released now, he would not refrain from further criminal conduct for the more than five years that he has remaining on his sentence. Moreover, whereas a bond determination rests on whether the defendant is likely to flee or endanger the safety of others, *see* 18 U.S.C. § 3143(a), the need to protect the public is only one of many factors listed in § 3553(a). And given that Bryant has served

No. 20-3808
- 4 -

less than 25% of his term of imprisonment, the district court reasonably concluded that releasing him now would be inconsistent with those objectives. *See Kincaid*, 802 F App'x at 188; *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020).

For these reasons, we **AFFIRM** the district court's denial of Bryant's motion for compassionate release.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk